STATE STREET METHODIST CHURCH v. JOHN L. GORDON.

1. In an action brought to recover for work and labor, goods sold and delivered, &c., if the special counts are faulty, it cannot be assigned for error, under our statute, provided the common counts are good.
2. When the issue was in *assumpsit* and the jury found defendant guilty and assessed damages against him, it is amendable under the act to simplify pleadings and practice in courts of law.
3. A bill of particulars served, forms no part of the record; and it is not error, that the name and style of the defendant below as set forth in said bill of particulars, do not entirely correspond with the name given in the record; especially when such variance has not been assigned for error.

On writ of error.

The issue in this case was tried in the Mercer Circuit Court, and a verdict found for the plaintiff. No bill of exceptions was taken on the trial, but after judgment on the verdict, a writ of error was brought to remove the record into this court.

Various reasons were assigned upon the record, for the reversal of the judgment—the principal of which were that

some of the counts of the declaration were defective ; that there was no correspondence between the issue and the verdict.

For the plaintiff in error, *F. Kingman.*

For the defendant, *E. W. Scudder.*

The opinion of the court was delivered by

VREDENBURGH, J. There being no bill of exceptions in this case, the errors are all necessarily assigned upon the record.

The first error assigned is, that the matters contained in the declaration are not sufficient in law to maintain the action ; but the declaration has, among others, the common counts for work done and goods sold, in the usual form, and however faulty the other counts may be, these are certainly good, and the faulty ones cannot, under the act, *Nix. Dig.* 416, § 38,* be assigned for error.

The second error assigned is, that it appears by the record that the action was brought for materials furnished to and used by one Page, in the erection of defendants' church. But this only appears so, in some of the counts, but does not so appear in the common counts. In the common counts the claim is for work done and goods sold by Gordon to the church. The claim is, therefore, perfectly legal under the common counts, and no error appears in this regard.

The next error assigned is, that, by the record, it appears that the verdict of the jury is not in response to the issue formed. This point was not referred to on the argument here, nor could it avail if it had been. The issue is in *assumpsit* and the verdict is guilty, and an assessment of damages. It is, at most, but a technical irregularity, and amendable under the statute. *Nix. Dig.* 670, *pl.* 166.†

Upon the argument the plaintiff in error produced what was admitted to be the copy of the bill of particulars served upon him by the plaintiff below, and contended that it

---

* *Rev.,* p. 876, § 186. † *Rev.,* p. 869, § 138.

showed only an account against E. W. Page & Co., and not an account against the plaintiff in error, and therefore that the judgment should be reversed on that account. But this could not be done for various reasons. It is no part of the record—there is no error assigned upon it. .It should have been taken advantage of in some other stage of the proceedings and in some other form; and more than all this, the bill shows, upon its face, an account against the plaintiff in error and not against Page & Co.

I see no reason to reverse. Let the judgment be affirmed.